IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SCOTT BOLLMAN AND JANELLE BOLLMAN,
as parents and next friends of L.B., a minor                                                       PLAINTIFFS

v.                                                  Case No. 2:14-CV-02001

JOHN CIESLA, Superintendent of Schools,
Greenwood School District, in his individual
and official capacities; DR. KAYE JOHNSON HEADLEY,
former Superintendent of Schools, Greenwood School
District, in her individual and official capacities; JERRY
CECIL, Assistant Superintendent/Equity Coordinator/
Athletic Director, in his individual and official capacities;
JERRY EFURD, High School Principal, in his individual
and official capacities; TODD HALES, MARY ANN
SANDIFER, PAUL MCCOLLOM, GREG HASLEY,
JEFF TURNER, CLIFTON JAMES, and
ROZANNE STERLING, members of the Board of
Education of the Greenwood School District,
individually and in their official capacities; and
the GREENWOOD SCHOOL DISTRICT                                DEFENDANTS

**OPINION AND ORDER**

Before the Court are Defendants' motion to dismiss (Doc. 7) and brief in support (Doc. 8), Plaintiffs' response (Doc. 12) and brief in support (Doc. 13), and Defendants' reply (Doc. 15).[1] Plaintiffs' response also requested leave of Court for Plaintiffs to file an amended complaint should the Court find the action to be subject to dismissal. For the following reasons, the Court DENIES IN PART and GRANTS IN PART Defendants' motion to dismiss.

**I.      Background**

---

[1] The Court has considered Defendants' reply even though it was filed without leave of Court. *See* Local Rule 7.2(b) (indicating that the only reply that may be filed as a matter of course is a reply to a response to a motion for summary judgment).

In their complaint, Plaintiffs Scott and Janelle Bollman allege the following facts: the Bollmans' minor child, L.B., has been enrolled as a student in the Greenwood School District ("the District") during the relevant time period. L.B. enrolled as a fifth-grader in 2007 and now attends high school. Throughout each year of L.B.'s enrollment in the District, L.B. has been subjected to frequent racial epithets, threats, and occasional physical violence from other students. L.B. and L.B.'s parents made frequent complaints about the harassment to school officials, complained to law enforcement about threats and physical violence directed toward L.B., and in 2012 filed a complaint with the Department of Education, Office of Civil Rights, which investigated and took no action. In 2013, L.B.'s parents notified Superintendent John Ciesla and members of the District's Board of Education of the harassment of L.B. and requested a meeting, but the request was denied. Multiple officers and employees of the District had actual knowledge of the harassment, but no action has been taken to end it. The indifference of the District to student-on-student harassment is not limited to its indifference to harassment of L.B. L.B. continues to face harassment based on race and national origin from other students in the District.

L.B.'s parents filed suit with the Court in January of 2014 on behalf of L.B. Plaintiffs are pursuing a Title VI action for unlawful discrimination under 42 U.S.C. § 2000d, a 42 U.S.C. § 1983 action for deprivation of Fourteenth and First Amendment rights, and an action under the Arkansas Civil Rights Act ("ACRA"), Ark. Code § 16-123-105(a), for deprivation of state civil rights. Plaintiffs' complaint names as Defendants the District and persons employed by, or on the Board of Education of, the District in both their individual and official capacities. In the instant motion, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) of all claims alleged in Plaintiffs' complaint.

## II. Legal Standard

In ruling on a motion to dismiss, the Court must "'accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party.'" *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Those alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence of illegal [activity]," the Court should deny a motion to dismiss. *Id.* at 556.

## III. Discussion

### A. Statute of Limitations

Defendants first argue that Plaintiffs' claims are barred by the three-year statute of limitations.[2] Plaintiffs concede that the appropriate limitations period for their claims is three years. While the parties agree on the length of the limitations period, they do not agree as to when it should begin to run. A cause of action for a discrete act of discrimination accrues when the act occurs. *Del.*

---

[2]The statute of limitations is the same for a § 1983 claim and a Title VI claim. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 (8th Cir. 1995).

*State Coll. v. Ricks*, 449 U.S. 250, 258 (1980).  However, a cause of action for a continuing offense may encompass component acts that would otherwise fall outside of the statutory time period. *Montin v. Estate of Johnson*, 636 F.3d 409, 415-16 (8th Cir. 2011).  The continuing violations doctrine applies only to acts that are "so similar in nature, frequency, and severity that they must be considered to be part and parcel of the . . . unlawful . . . practice that gave rise to [the] action." *Rowe v. Hussmann Corp.*, 381 F.3d 775, 781 (8th Cir. 2004).  Because each otherwise discrete occurrence of discrimination in a continuing violation is in essence part of the same discriminatory act, "the limitations period runs from the last occurrence of discrimination." *Varner v. Nat'l Super Mkts., Inc.*, 94 F.3d 1209, 1214 (8th Cir. 1996) (quotation omitted).

Here, Plaintiffs allege that Defendants retaliated in 2012 and 2013 against Plaintiffs' protected activity.  Plaintiffs also allege that Defendants remained deliberately indifferent to harassment of L.B. beginning in 2007 and continuing over "each of the succeeding years." (Doc. 1, ¶ 6).  The complaint was filed on January 2, 2014.  The alleged retaliation was within the limitations period.  Furthermore, Plaintiffs have alleged facts from which it can reasonably be inferred that by remaining deliberately indifferent to student-on-student harassment, Defendants are engaging in a continuing violation of L.B.'s rights.  It is not clear from the face of the complaint that the limitations period has run on these acts.  Accordingly, the Court will deny Defendants' motion to dismiss the federal claims on statute-of-limitations grounds.[3]  *See Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) ("[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.").

---

[3] Because it will dismiss Plaintiffs' ACRA claims on other grounds, *see* Part III.D, *infra*, the Court declines to analyze whether Arkansas law on ACRA claim accrual embraces the continuing violations doctrine.

B.  **Title VI Claims**

Title VI prohibits intentional discrimination by grant recipients on the basis of race, color, or national origin in any program or activity receiving financial assistance from the federal government. 42 U.S.C. § 2000d; *Mumid v. Abraham Lincoln High Sch.*, 618 F.3d 789, 794 (8th Cir. 2010). Plaintiffs contend that by refusing to end the harassment of L.B. by other students, Defendants have violated Title VI's prohibition on intentional discrimination. Defendants argue that they are not subject to Title VI suit in their individual capacities because individuals are not grant recipients, that only the Superintendent and Board of Education are subject to Title VI suit in their official capacities, and that the alleged harassment of L.B. was not severe, pervasive, and objectively offensive enough to deprive L.B. of the equal access contemplated by Title VI. Plaintiffs concede that Defendants may not be sued under Title VI in their individual capacities, but respond that the Assistant Superintendent is also subject to an official-capacity suit and that the alleged harassment rises to an actionable level.

1.  **Title VI Claims Against the Named Individuals/Officials**

The parties are correct that no remedy exists against school officials in their individual capacities under Title VI. *Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 610-11 (8th Cir. 1999) ("*Kinman II*").[4] Plaintiffs maintain that they may still bring suit against the named school officials in their official capacities. "A suit against a public official in his official capacity is actually a suit

---

[4] "[Title VI and Title IX] operate in the same manner, conditioning an offer of federal funding on a promise by the recipient not to discriminate, in what amounts essentially to a contract between the Government and the recipient of funds." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998). Because "[t]he two statutes operate in the same manner," in the absence of direct authority interpreting Title VI, the Court will look to Title IX precedent in applying Title VI. *Id.*

against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006); *see also Kinman II*, 171 F.3d at 609 n.1 ("Suits against school officials in their official capacity are treated as suits against the school district itself."). Because Plaintiffs have already named the District as a Defendant, naming school officials in their official capacities is redundant and unnecessary, as no additional remedy is available. *See Kinman II*, 171 F.3d at 611 (agreeing with holdings that allow suit only against grant recipients). Accordingly, Plaintiffs' Title VI claims will be dismissed as to Defendants Ciesla, Headley, Cecil, Efurd, Hales, Sandifer, McCollom, Hasley, Turner, James, and Sterling, in both their individual and official capacities.

### 2.  Title VI Discrimination Claims Against the District

Plaintiffs' Title VI discrimination claims against the District arise not from action, but from the District's inaction in the face of third-party harassment. Plaintiffs argue that this inaction rises to the level of intentional discrimination. The District may incur liability if it "acts with deliberate indifference to known acts of harassment in its programs or activities." *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 633 (1999) (Title IX case). To be liable for harassment by one student against another, "an institution's deliberate indifference must either have caused the harassment or made students vulnerable to it." *Roe v. St. Louis Univ.*, 2014 WL 1181097, at *5 (8th Cir. Mar. 25, 2014) (Title IX case). The District "must be (1) deliberately indifferent (2) to known acts of discrimination (3) which occur under its control." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 782 (8th Cir. 2001) (Title IX case). Furthermore, the harassment to which the District was allegedly indifferent must be "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis*, 526 U.S. at 650.

The Eighth Circuit has implied that this deliberate indifference test should be applied in Title VI intentional discrimination cases. *See Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011) (explaining that the ADA and the Rehabilitation Act are modeled after Title VI and governed by Title VI precedent, then agreeing with other circuits and adopting the deliberate indifference standard for ADA and Rehabilitation Act violations). Deliberate indifference of a school to the sexual harassment of its students by other students can sometimes be said to cause that harassment and raise the school's indifference to the level of intentional discrimination in a Title IX case. *Davis*, 526 U.S. at 645. By analogy, the same level of deliberate indifference to harassment based on race, color, or national origin can raise a school's inaction to the level of intentional discrimination in a Title VI case.

Plaintiffs have alleged facts in their complaint that, taken as true, raise a reasonable expectation that discovery will reveal evidence that the District was indifferent to known acts of harassment based on race, color, or national origin when those acts were committed by students under its control. Plaintiffs have alleged that L.B. has been subjected to harassment based on race, color, or national origin; that the harassment has been ongoing over a period of years; that multiple officers of the District with control over the harassing students or the District's response had actual knowledge of that harassment; and that the District took no action in the face of that harassment. These facts are sufficient to support a Title VI cause of action for intentional discrimination by deliberate indifference to student-on-student harassment.

In moving to dismiss the Title VI discrimination claims, Defendants also argue that, by law, the alleged harassment did not rise to a level so severe, pervasive, and objectively offensive that it undermined and detracted from L.B.'s educational experience and effectively denied L.B. equal

access to the institution's resources and opportunities. Defendants contend that "simple acts of teasing and name-calling among school children" are not actionable. (Doc. 8, ¶ 4 (quoting *Davis*, 526 U.S. at 652)). But Defendants ignore that the *Davis* opinion immediately explains that "in the context of student-on-student harassment, damages are available only where the behavior is so severe, pervasive, and objectively offensive that it denies its victims the equal access to education that Title IX is designed to protect," thus distinguishing "simple" acts of teasing and name-calling from those acts of teasing and name-calling that rise to a level of actionable harassment. *Davis*, 526 U.S. at 652. Although Plaintiffs have not detailed every alleged act of harassment over the last seven years in their complaint, they have alleged that they repeatedly complained of continuing harassment during that period. Based on those allegations, it can reasonably be inferred that acts of harassment were pervasive during that period.

As for the severity and objective offensiveness of the harassment, indifference to unambiguously racial epithets has been found to cause "the sort of educational deprivation referenced in *Davis*." *DiStiso v. Cook*, 691 F.3d 226, 243 (2d Cir. 2012). Plaintiffs have also alleged that the harassment at times included a physical element and that the harassment was playing out on a level widespread enough to have driven most African-American and Hispanic students from the District. Furthermore, it is reasonable to infer from the allegation that Plaintiffs spent a significant amount of time complaining about the issue to multiple authorities that the alleged harassment was undermining and detracting from L.B.'s education. For the above reasons, Defendants' motion to dismiss the Title VI discrimination claims against the District will be denied.

### 3.    Title VI Retaliation Claims Against the District

In a Title VI action for intentional discrimination by retaliation, a plaintiff need not plead the

prima facie elements of a retaliation claim to survive a motion to dismiss, but it is possible for a plaintiff to "plead himself out of court by alleging facts that indicate" the defendant is entitled to prevail. *Chandamuri v. Georgetown Univ.*, 274 F. Supp. 2d 71, 83 (D.D.C. 2003). "To prevail on a retaliation claim, the plaintiffs must prove that they engaged in protected activity and that they suffered an adverse . . . action as a result of that activity." *Brine v. Univ. of Iowa*, 90 F.3d 271, 273 (8th Cir. 1996) (Title IX case). If Plaintiffs' pleaded facts can in no case support a retaliation claim, then the retaliation claim should be dismissed.

Plaintiffs allege that they engaged in protected activity by filing a discrimination complaint with the United States Department of Education, Office of Civil Rights, which investigated, closed the complaint, and took no further action. The alleged adverse action in response to that activity is that the District continued to remain deliberately indifferent to the harassment. These facts are sufficient to show protected activity, and the Court assumes for the sake of argument that deliberate indifference could satisfy the "adverse action" element. However, on the facts as pleaded, Plaintiffs cannot demonstrate a causal link between the protected activity and the alleged adverse action. Plaintiffs allege that the District was indifferent to the harassment of L.B. The basis of their Title VI retaliation claims is that after Plaintiffs complained of this indifference to the Office of Civil Rights, the District retaliated by remaining indifferent to the harassment of L.B. Read fairly, Plaintiffs have pleaded that their discrimination complaint to the Office of Civil Rights caused no change in Defendants' behavior. The only adverse "action" Plaintiffs have alleged was one initiated prior to the protected activity. The Court is aware of no authority demonstrating that an effect can precede its cause. Because Plaintiffs have pleaded facts that, taken as true, cannot support a causal link between Plaintiffs' complaint to the Office of Civil Rights and the unchanged deliberate

indifference of the District, Plaintiffs' Title VI retaliation claims will be dismissed.

### C. Section 1983 Claims

Section 1983 provides a federal cause of action against "[e]very person[5] who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. It does not create any substantive rights, but only acts as a mechanism for redressing a deprivation of rights created elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.*

#### 1. Section 1983 Claims of Discrimination by Deliberate Indifference

Plaintiffs complain that Defendants' indifference to the harassment of L.B. by other students violated L.B.'s Fourteenth Amendment right to equal protection. To prevail on a § 1983 claim under the Fourteenth Amendment, Plaintiffs must show "(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *Shrum*, 249 F.3d at 777. The Fourteenth Amendment protects only against state action, and "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). The deliberate indifference of a state actor to harmful private action can lead to the state actor's liability under § 1983, but only if the person harmed is effectively in the state actor's custody. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989).

---

[5] A school district may be considered a "person" for purposes of § 1983 liability. *Stephenson v. Davenport Cmty. Sch. Dist.*, 110 F.3d 1303, 1306 n.2 (8th Cir. 1997).

The harassment that Plaintiffs allege amounted to unconstitutional discrimination came from students. Students are private actors, and indifference to acts of discrimination by students is not a violation of the Fourteenth Amendment. *See Dorothy v. Little Rock Sch. Dist.*, 7 F.3d 729, 731-32 (8th Cir. 1993) ("[S]tate-mandated school attendance does not entail so restrictive a custodial relationship as to impose upon the State the same duty to protect it owes to prison inmates or to the involuntarily institutionalized."). The case law cited by Plaintiffs is inapposite, as the deliberate indifference question here centers around the harmful acts of students, and not of a school district's employees. Because there was no constitutional duty to protect L.B. from injury by harassment from fellow students, Plaintiffs' § 1983 discrimination claims under the Fourteenth Amendment will be dismissed against all Defendants.

### 2.     Section 1983 Claims of Discrimination by Retaliation

Plaintiffs complain that Defendants retaliated in response to their complaint to the Office of Civil Rights—an exercise of First Amendment rights—by remaining indifferent to the harassment of L.B. by other students. However, for the same reasons that Plaintiffs' Title VI retaliation claim must fail, *any* retaliation claim based on the pleaded facts must fail. Plaintiffs allege that the complaint caused no change in Defendants' behavior. Because Plaintiffs' alleged adverse effect preceded the protected activity, it is impossible for Plaintiffs to prove causal connection. Therefore, Plaintiffs' § 1983 claims of First Amendment retaliation will be dismissed against all Defendants.

### 3.     Qualified Immunity Issues Resolved

Defendants named in their individual capacities argue that they are entitled to qualified immunity from suit under § 1983. Because Plaintiffs' § 1983 claims will be dismissed for failure to state a claim, no § 1983 claims remain against any Defendant in his or her individual capacity.

Therefore, the Court need not address the qualified immunity argument further.

### D. Arkansas Civil Rights Act

The ACRA establishes a private right of action for a deprivation of Arkansas state constitutional rights by a state actor. Ark. Code § 16-123-105(a). Plaintiffs' ACRA claims are based on the same theory and facts as their § 1983 claims, and may be dismissed for essentially the same reasons. Under Arkansas law, students are not state actors and a school district has no special relationship with its students that creates a state constitutional duty to protect them from student-on-student acts. *Rudd v. Pulaski Cnty. Special Sch. Dist.*, 20 S.W.3d 310, 314-15 (Ark. 2000) (favorably citing the reasoning in *Dorothy v. Little Rock Sch. Dist.*, 794 F. Supp. 1405 (E.D. Ark. 1992)). Regarding possible state law retaliation claims, the Court has found no Arkansas case law accepting that a retaliatory effect might precede its cause. Because Plaintiffs' pleaded facts do not state a claim for which relief can be granted under Ark. Code § 16-123-105(a), Defendants' motion to dismiss Plaintiffs' ACRA claims will be granted.

### IV. Request to Amend Complaint

In their response to the motion to dismiss, Plaintiffs request that the Court allow them leave to amend their complaint in the event of dismissal. That request is denied for failure to follow the appropriate procedures. If, in light of the Court's decision on this motion to dismiss, Plaintiffs still wish to seek leave to amend from the Court, they may do so in accordance with the Local Rules of this Court.

### V. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' motion to dismiss for failure to state a claim (Doc. 7) is GRANTED IN PART and DENIED IN PART.

The motion is GRANTED IN PART insofar as the following parties and claims are DISMISSED WITH PREJUDICE for failure to state a claim:

• All Title VI claims against Defendants John Ciesla, Dr. Kaye Johnson Headley, Jerry Cecil, Jerry Efurd, Todd Hales, Mary Ann Sandifer, Paul McCollom, Greg Hasley, Jeff Turner, Clifton James, and Rozanne Sterling in their individual capacities.

IT IS FURTHER ORDERED that the motion is GRANTED IN PART insofar as the following claims and parties are DISMISSED WITHOUT PREJUDICE for failure to state a claim:

• All Title VI and § 1983 claims against Defendants John Ciesla, Dr. Kaye Johnson Headley, Jerry Cecil, Jerry Efurd, Todd Hales, Mary Ann Sandifer, Paul McCollom, Greg Hasley, Jeff Turner, Clifton James, and Rozanne Sterling in their official capacities;

• All § 1983 Fourteenth Amendment claims against all Defendants;

• All Title VI retaliation and § 1983 First Amendment retaliation claims against all Defendants; and

• All Arkansas Civil Rights Act claims against all Defendants.

IT IS FURTHER ORDERED that the motion is DENIED IN PART insofar as Plaintiffs' Title VI action against Defendant Greenwood School District for discrimination by deliberate indifference to student-on-student harassment remains pending.

IT IS SO ORDERED this 2nd day of May, 2014.

/s/ P. K. Holmes, III

                                                     P.K. HOLMES, III  
                                                     CHIEF U.S. DISTRICT JUDGE