IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SCOTT BOLLMAN and JANELLE BOLLMAN,
as parents and next friends of L.B., a minor                                              PLAINTIFFS

v.                                              Case No. 2:14-CV-02001

GREENWOOD SCHOOL DISTRICT                                                        DEFENDANT

**OPINION AND ORDER**

Currently before the Court are Plaintiff Scott and Janelle Bollman's motion for a preliminary injunction (Doc. 20) and brief in support (Doc. 21) and Defendant Greenwood School District's response (Doc. 22) and brief in support (Doc. 23).

The Bollmans ask the Court to issue a preliminary injunction directing Greenwood School District to comply with Title VI.[1] However, the Court cannot grant such general "obey-the-law" injunctive relief. Fed. R. Civ. P. 65(d) (requiring in part that every order for a preliminary injunction describe in reasonable detail the acts restrained or required); *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987) ("Broad language in an injunction that essentially requires a party to obey the law in the future is not encouraged and may be struck from an order for injunctive relief, for it is basic to the intent of Rule 65(d) that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits."); *see also Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2nd Cir. 1996) ("[A]n injunction must be more specific than a simple command that the

---

[1] In particular, the motion asks "that the Court issue a preliminary injunction directing Defendants to prevent any future harassment against L.B. pursuant to Title VI by his peers and grant all other appropriate relief." (Doc. 20, at ¶ 6). The brief in support concludes that "[T]he Court should grant a preliminary injunction ordering Defendants to comply with Title VI." (Doc. 21, at 5).

-2-

defendant obey the law."); *Keyes v. Sch. Dist. No. 1, Denver, Colo.*, 895 F.2d 659, 668-69 (10th Cir. 1990) (striking "obey-the-law" order from school desegregation injunction).

IT IS THEREFORE ORDERED that Plaintiffs' motion for preliminary injunction (Doc. 20) is DENIED.

IT IS SO ORDERED this 6th day of June, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE